## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ZACHARY NOWLAND,      :
                     :      **Civil No. 1:10-CV-1863**
     **Plaintiff,**        :
                     :
**v.**                  :
                     :      **(Magistrate Judge Carlson)**
**BENJAMIN LUCAS, et al.,**   :
                     :
     **Defendant.**       :

## MEMORANDUM AND ORDER

### I.    Statement of Facts and of the Case

This is a civil rights action brought by Zachary Nowland.  Nowland initially

filed this action through counsel on September 2, 2010. (Doc. 1)  On September 16,

2011, Nowland's counsel moved to withdraw from this action, citing repeated failures

by the plaintiff to comply with his counsel's instructions. (Doc. 18)  On September 19,

2011, we granted this request. (Doc. 19)

Upon the withdrawal of his counsel, Nowland elected to proceed *pro se*, but

immediately began defaulting on his obligations as a litigant in federal court.  Thus,

on October 24, 2011, and November 18, 2011, we directed Nowland to appear for a

deposition which was ultimately scheduled for December 5, 2011, and provide other

discovery sought by the defendants in this case. (Doc. 24 and 26)  In our November

18 order we also advised Nowland in clear and precise terms of the consequences that

would flow if he failed to attend this deposition, or otherwise neglected his discovery obligations, stating that: "If the plaintiff fails to comply with this order, the plaintiff is advised that this action may be subject to dismissal" (Doc. 26)

This order was returned as undeliverable. (Doc. 27)  Thus, it became apparent that Nowland was no longer accepting communications at the last address which he had provided to the Court.  As a *pro se* litigant Nowland's failure to maintain an address where he could be reached itself violated the rules of this Court;  specifically, Local Rule 83.18, which provides that:

### LR 83.18 Appearance of Parties Not Represented by Counsel.

Whenever a party by whom or on whose behalf an initial paper is offered for filing is not represented in the action, such party shall maintain on file with the clerk a current address at which all notices and copies of pleadings, motions or papers in the action may be served upon such party.

On December 5, 2011, Nowland failed to appear for his deposition as directed by this Court.  Nor has Nowland advised the Court or opposing counsel of his current whereabouts.  Therefore Nowland also remains in violation of Local Rule 83.18.

On December 15, 2011, the defendants moved to dismiss this action pursuant to Rule 41 of th Federal Rules of Civil Procedure, citing Nowland's persistent failure to prosecute this action over the past several months. (Docs. 28 and 29)  The 14-day response deadline for this motion prescribed by Local Rule 7.5 has now passed without

any action on Nowland's part to respond to this motion, provide discovery, or otherwise prosecute this case. Therefore, this matter is now ripe for resolution.

For the reasons set forth below, the motion to dismiss will be granted.

## II.   Discussion

### A.   Under The Rules of This Court This Motion to Dismiss Should Be Deemed Unopposed and Granted

At the outset, under the Local Rules of this Court the plaintiff should be deemed to concur in this motion, since Nowland has failed to timely oppose the motion, or otherwise litigate this case. This procedural default completely frustrates and impedes efforts to resolve this matter in a timely and fair fashion, and under the rules of this Court warrants dismissal of the action, since Local Rule 7.6 of the Rules of this Court imposes an affirmative duty on the plaintiff to respond to motions and provides that:

> Any party opposing any motion, other than a motion for summary judgment, shall file a brief in opposition within fourteen (14) days after service of the movant's brief, or, if a brief in support of the motion is not required under these rules, within seven (7) days after service of the motion. *Any party who fails to comply with this rule shall be deemed not to oppose such motion*. Nothing in this rule shall be construed to limit the authority of the court to grant any motion before expiration of the prescribed period for filing a brief in opposition. A brief in opposition to a motion for summary judgment and LR 56.1 responsive statement, together with any transcripts, affidavits or other relevant documentation, shall be filed within twenty-one (21) days after service of the movant's brief.

Local Rule 7.6 (emphasis added).

It is now well-settled that "Local Rule 7.6 can be applied to grant a motion to dismiss without analysis of the complaint's sufficiency 'if a party fails to comply with the [R]ule after a specific direction to comply from the court.' Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (1991)." Williams v. Lebanon Farms Disposal, Inc., No. 09-1704, 2010 WL 3703808, *1 (M.D. Pa. Aug.26, 2010). In this case Nowland has not complied with the Local Rules, or this Court's order, by complying with discovery or filing a timely response to this motion. Furthermore, Nowland is in violation of Local Rule 83.18 by failing to maintain an address where he can be contacted by the Court, making communications regarding this litigation virtually impossible. On these facts, Nowland's procedural defaults compel the Court to consider:

> [A] basic truth: we must remain mindful of the fact that "the Federal Rules are meant to be applied in such a way as to promote justice. See Fed.R.Civ.P. 1. Often that will mean that courts should strive to resolve cases on their merits whenever possible. However, justice also requires that the merits of a particular dispute be placed before the court in a timely fashion ...." McCurdy v. American Bd. of Plastic Surgery, 157 F.3d 191, 197 (3d Cir.1998).

Lease v. Fishel, 712 F. Supp. 2d 359, 371 (M.D.Pa. 2010).

With this basic truth in mind, we acknowledge a fundamental guiding tenet of our legal system. A failure on our part to enforce compliance with the rules, and impose the sanctions mandated by those rules when the rules are repeatedly breached, "would actually violate the dual mandate which guides this Court and motivates our

system of justice: 'that courts should strive to resolve cases on their merits whenever possible [but that] justice also requires that the merits of a particular dispute be placed before the court in a timely fashion'." Id.  Therefore, we are obliged to ensure that one party's refusal to comply with the rules does not lead to an unjustified prejudice to those parties who follow the rules.

These basic tenets of fairness apply here.  In this case, the plaintiff has failed comply with this Court's discovery order, has violated Local Rule 83.18 by abandoning this litigation without providing the Court with a means to contact him, and has neglected to comply with Local Rule 7.6 by filing a timely response to the motion to dismiss filed by the defendants.  These cumulative failures now compel us to apply the sanction called for under Rule 7.6 and deem the plaintiff to not oppose this motion to dismiss.

**B.    Dismissal of this Case Is Also Warranted Under Rule 41**

Beyond the requirements imposed by the Local Rules of this Court, Rule 41(b) of the Federal Rules of Civil Procedure authorizes a court to dismiss a civil action for failure to prosecute, stating that: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).  Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the court, and will not be disturbed absent

an abuse of that discretion. Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002)(citations omitted).  That discretion, however, while broad is governed by certain factors, commonly referred to as Poulis factors.  As the United States Court of Appeals for the Third Circuit has noted:

> To determine whether the District Court abused its discretion [in dismissing a case for failure to prosecute], we evaluate its balancing of the following factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir.1984).

Emerson, 296 F.3d at 190.

In exercising this discretion "there is no 'magic formula' that we apply to determine whether a District Court has abused its discretion in dismissing for failure to prosecute." Lopez v. Cousins, No. 10-1877,  2011 WL 2489897, *3 (3d Cir. June 23, 2011)(quoting Briscoe v. Klem, 538 F.3d 252 (3d Cir. 2008))  Therefore, "[i]n balancing the Poulis factors, [courts] do not [employ] a . . . 'mechanical calculation' to determine whether a District Court abused its discretion in dismissing a plaintiff's case. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir.1992)." Briscoe v. Klaus,  538 F.3d at 263.  Consistent with this view, it is well-settled that " 'no single Poulis factor is dispositive,' Ware, 322 F.3d at 222, [and it is] clear that 'not all of the Poulis factors

need be satisfied in order to dismiss a complaint.' <u>Mindek</u>, 964 F.2d at 1373." <u>Briscoe</u> <u>v. Klaus</u>, 538 F.3d at 263.  However, recognizing the broad discretion conferred upon the district court in making judgments weighing these six factors, the court of appeals has frequently sustained such dismissal orders where there has been a pattern of dilatory conduct by a *pro se* litigant who is not amenable to any lesser sanction. <u>See,</u> <u>e.g.</u>, <u>Emerson v. Thiel College, supra</u>; <u>Tillio v. Mendelsohn</u>, 256 F. App'x 509 (3d Cir. 2007); <u>Reshard v. Lankenau Hospital</u>, 256 F. App'x 506  (3d Cir. 2007); <u>Azubuko v.</u> <u>Bell National Organization</u>, 243 F. App'x 728 (3d Cir. 2007).

In this case, a dispassionate assessment of the <u>Poulis </u>factors weighs heavily in favor of dismissing this action.  At the outset, a consideration of the first <u>Poulis</u> factor, the extent of the party's personal responsibility, shows that the delays in this case are entirely attributable to the Plaintiff, who has failed to abide by court orders and has neglected to litigate this case.

Similarly, the second <u>Poulis</u> factor– the prejudice to the adversary caused by the failure to abide by court orders–also calls for dismissal of this action.  Indeed, this factor–the prejudice suffered by the party seeking sanctions–is entitled to great weight and careful consideration.  As the United States Court of Appeals for the Third Circuit has observed:

> "Evidence of prejudice to an adversary would bear substantial weight in
> support of a dismissal or default judgment." <u>Adams v. Trustees of N.J.</u>

Brewery Employees' Pension Trust Fund, 29 F.3d 863, 873-74 (3d
Cir.1994) (internal quotation marks and citation omitted). Generally,
prejudice includes "the irretrievable loss of evidence, the inevitable
dimming of witnesses' memories, or the excessive and possibly
irremediable burdens or costs imposed on the opposing party." Id. at 874
(internal quotation marks and citations omitted). . . . However, prejudice
is not limited to "irremediable" or "irreparable" harm. Id.; see also Ware
v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir.2003); Curtis T. Bedwell
& Sons, Inc. v. Int'l Fidelity Ins. Co., 843 F.2d 683, 693-94 (3d Cir.1988).
It also includes "the burden imposed by impeding a party's ability to
prepare effectively a full and complete trial strategy." Ware, 322 F.3d at
222. Oftentimes, this type of prejudice involves disputes between the
parties on discovery matters because the defendants were deprived of
necessary information or had to expend costs to obtain court orders for
compliance. See, e.g., Poulis, 747 F.2d at 868 (finding that the defendants
were prejudiced where the plaintiffs did not answer interrogatories,the
defendants had to file a motion to compel the plaintiffs' answers, and the
defendant had "to file its pre-trial statement without the opportunity to
review plaintiffs' pretrial statement which was due to be filed first");
Ware, 322 F.3d at 220-23 (affirming the District Court's conclusion that
a defendant had been prejudiced where the plaintiff repeatedly ignored the
defendant's discovery request for the plaintiff's computation of damages
and did not provide it until one week prior to trial).

Briscoe  v. Klaus, 538 F.3d at 259-60.

In this case the Plaintiff's failure to litigate this claim or comply with court orders now

wholly frustrates and delays the resolution of this action.  In such instances, dismissal

of the case clearly rests in the discretion of the trial judge. Tillio v. Mendelsohn, 256

F. App'x 509 (3d Cir. 2007) (failure to timely serve pleadings compels dismissal);

Reshard v. Lankenau Hospital, 256 F. App'x 506  (3d Cir. 2007) (failure to comply

with discovery compels dismissal); Azubuko v. Bell National Organization, 243 F.

App'x 728 (3d Cir. 2007) (failure to file amended complaint prejudices defense and compels dismissal).

When one considers the third <u>Poulis</u> factor-the history of dilatoriness on the plaintiff's part–it becomes clear that dismissal of this action is now appropriate.  In this regard, while it is evident that "'[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders.' <u>Adams,</u> 29 F.3d at 874; [it is also clear that] conduct that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness.'" <u>Briscoe v. Klaus,</u> 538 F.3d at 260-61 (some citations omitted).  Here, over the span of several months, the plaintiff has failed to timely file pleadings, provide the Court with any means of communicating with this party and has not complied with orders of the Court.  Thus, Nowland's conduct displays "[e]xtensive or repeated delay or delinquency [and conduct which] constitutes a history of dilatoriness, such as consistent non-response to [discovery], or consistent tardiness in complying with court orders.' <u>Adams,</u> 29 F.3d at 874

The fourth <u>Poulis</u> factor–whether the conduct of the party or the attorney was willful or in bad faith–also cuts against the plaintiff.  In this setting we must assess whether Nowland's conduct reflects mere inadvertence or willful conduct, in that it involved "strategic," "intentional or self-serving behavior," and not mere negligence.

<u>Adams v. Trs. of N.J. Brewery Emps.' Pension Trust Fund</u>, 29 F.3d 863, 875 (3d Cir.1994).  Here, we find that the plaintiff's actions were willful, and reflect a pattern of willfulness.   At this juncture, when the plaintiff has failed to comply with instructions of the Court directing the plaintiff to take specific actions in this case, has provided us with no means to communicate with him, and has violated the local rules, the Court is compelled to conclude that the plaintiff's actions are not accidental or inadvertent but instead reflect an intentional disregard for this case and the Court's instructions.

While <u>Poulis</u> also enjoins us to consider a fifth factor, the effectiveness of sanctions other than dismissal, cases construing <u>Poulis</u> agree that in a situation such as this case, where we are confronted by a *pro se* litigant who will not comply with the rules or court orders,  lesser sanctions may not be an effective alternative. <u>See, e.g.,</u> <u>Briscoe v. Klaus</u>, 538 F.3d 252, 262-63 (3d Cir. 2008); <u>Emerson</u>, 296 F.3d at 191.  This case presents such a situation where the plaintiff's status as a *pro se* litigant severely limits the ability of the court to utilize other lesser sanctions to ensure that this litigation progresses in an orderly fashion. In any event, by entering our prior orders, and counseling the plaintiff on his obligations in this case, we have endeavored to use lesser sanctions, but to no avail.  The plaintiff still declines to obey court orders, and otherwise ignores his responsibilities as a litigant.  Since lesser sanctions have been tried, and have failed, only the sanction of dismissal remains available to the Court.

Finally, under <u>Poulis</u> we are cautioned to consider one other factor, the meritoriousness of the plaintiff's claims. In our view, however, consideration of this factor cannot save this particular plaintiff's claims, since Nowland is now wholly non-compliant with his obligations as a litigant. The plaintiff cannot refuse to cooperate with this discovery, which would address the merits of his claims, and then assert the untested merits of these claims as grounds for denying a motion to sanction him for this refusal to participate in discovery. In any event, it is well-settled that " 'no single <u>Poulis</u> factor is dispositive,' <u>Ware</u>, 322 F.3d at 222, [and it is] clear that 'not all of the <u>Poulis</u> factors need be satisfied in order to dismiss a complaint.' <u>Mindek</u>, 964 F.2d at 1373." <u>Briscoe v. Klaus</u>, 538 F.3d at 263. Therefore, the untested merits of the non-compliant plaintiff's claims, standing alone, cannot defeat this sanctions motion.

In sum, Zachary Nowland has disobeyed the orders of this Court, disregarded his discovery obligations, and discounted his duty under the Local Rules to provide the Court with a means of contacting him. On these facts, and in the face of Nowland's failure to respond to the defendant's motion to dismiss, we are compelled to conclude that Nowland has abandoned this litigation, and we will grant the defendants' motion.

**III.** **Conclusion**

For the foregoing reasons, the defendants' motion to dismiss (Doc. 28), is

GRANTED.

So ordered this 3d day of January 2012.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge